**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gary Wayne GOODMAN, Defendant— Appellant.**

**No. 04–30471.**

**D.C. No. CR–03–00066–BLW–02.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 24, 2005.

Wendy Olson, Office of the U.S. Attorney MK Plaza, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Boise, ID, for Defendant–Appellant.

Before BRUNETTI and McKEOWN, Circuit Judges, and KING,** Senior Judge.

MEMORANDUM***

Gary Goodman appeals his sentence for twenty-six counts of health care fraud and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

conspiracy to commit health care fraud. Raising a preserved error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005), Goodman contends that the district court erred in sentencing him by not considering evidence of his failing health under the advisory United States Sentencing Guidelines, 18 U.S.C. § 3553(a), and seeks a limited remand pursuant to our decision in *United States v. Ameline*, 409 F.3d 1073 (2005) (en banc).

We review preserved *Booker* error under the harmless error standard. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002). Although the government bears the burden with respect to harm, *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), in most cases the determination of prejudice turns on an objective analysis of whether the error actually influenced the outcome of the case. *Seschillie*, 310 F.3d at 1214.

Under *Ameline*, we will remand to the district court cases involving remedial *Booker* error where the record provides an insufficient basis to determine whether the sentence would have been different but for the error. 409 F.3d at 1078; *see also United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir.2005). Here, the record is sufficient to make that determination.

Defense counsel presented to the district court information regarding Goodman's health at the sentencing hearing. In explaining the different sentences for defendants Goodman and Heidi McBride, the court cited a range of factors it had considered. Although these factors did not include Goodman's health, the district court indicated that the sentences reflected the "totality of the circumstances." Finally, the district court provided several alternate sentences to reflect possible outcomes

of the then-pending decision in *Booker*. Significantly, the district court followed this recitation by indicating that the sentence would be the same even without the Sentencing Guidelines. In these circumstances, the record is sufficient to conclude that remand is not in order.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.